IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS, FRANK SHUSHOK, JR., ENNIS MCCRERY, CAROLINE GREEN, AND KYLE ROSE, *employees of Virginia Polytechnic Institute and State University, sued in his or her official and individual capacity, jointly and severally,*<br><br>    Defendants. | Civil Action No. __7:18CV170__ |

# COMPLAINT

John Doe[1] files this complaint against Defendants Virginia Polytechnic Institute and State University, Timothy Sands, Frank Shushok, Jr., Ennis McCrery, Caroline Green and Kyle Rose, for gender-based discrimination in violation of Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 *et seq.*), violations of his rights under the due process and equal protection

---

[1] "John Doe" is not the Plaintiff's real name. Due to the nature of the allegations in this lawsuit, Mr. Doe is proceeding under a pseudonym to protect his privacy and out of fear of retaliation, and to protect the identity of his accuser, he is identifying her as "Jane Roe." In using a pseudonym, Doe relies upon the factors set out in *Co. Doe v. Pub. Citizen,* 749 F.3d 246 (4th Cir. 2014).

requirements of the Fourteenth Amendment to the United States Constitution, Art. I, § 11 of the Virginia Constitution, breach of contract, and other state law causes of action. In support of this complaint, John Doe states as follows:

## THE PARTIES AND JURISDICTION

1. Plaintiff John Doe ("Mr. Doe") is, and at all times relevant to this Complaint has been, a resident of Virginia. Plaintiff was a Virginia Tech student from fall 2011 until spring 2016.

2. Defendant Virginia Polytechnic Institute and State University (the "University" or "Virginia Tech") is a public university incorporated, and with its principal place of business located, in the Commonwealth of Virginia.

3. Defendant Timothy Sands is or was at pertinent times the President of the University and resides in Virginia.

4. Defendant Frank Shushok, Jr., Ph.D is or was at pertinent times a Senior Assistant Vice President for the University and resides in Virginia.

5. Defendant Ennis McCrery is or was at pertinent times a Title IX Investigator for the University and resides in Virginia.

6. Defendant Caroline Green is or was at pertinent times a Student Conduct Hearing Agent for the University and resides in Virginia.

7. Defendant Kyle Rose is or was at pertinent times a Student Conduct Hearing Agent for the University and resides in Virginia.

8. The Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arise under

the United States Constitution, brought pursuant to 42 U.S.C. § 1983, and under the laws of the United States, including Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88; and (ii) the state law and common law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over Defendant Virginia Tech and affiliated Defendants on the grounds that they are conducting business within the Commonwealth of Virginia.

10. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391 because Virginia Tech is located in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11. Mr. Doe enrolled as an undergraduate student at Virginia Tech and matriculated in the fall semester of 2011. Beginning at that time, and continuing through the events giving rise to this action, Mr. Doe paid tuition to attend the University.

12. Mr. Doe was a member of the varsity track team and was to graduate in the spring of 2016.

## THE INCIDENT

13. Jane Roe ("Ms. Roe") falsely accused Mr. Doe of attempting to sexually assault her on or about January 23, 2016.

14. She stated that the alleged assault occurred in Mr. Doe's campus apartment unit. However, at no point was Ms. Roe in Mr. Doe's apartment.

15. In fact, Mr. Doe was with his friends throughout the entirety of the evening in a common area of the apartments. At no point was he alone with Ms. Roe.

16. Ms. Roe admits that she consumed a substantial amount of alcohol that evening. Her memory of the events of the evening was poor.

17. Ms. Roe lost her jacket and mobile phone on the night of the incident. They were found the next morning in another apartment, one not occupied by Mr. Doe.

18. Ms. Roe admitted that she did not know the identity of the person whom she claims attacked her.

19. The Blacksburg Police Department investigated the allegations of Ms. Roe. While Mr. Doe was initially charged with a misdemeanor, the charge was ultimately dismissed.

## THE INVESTIGATION

20. After the Blacksburg Police Department concluded its investigation, Virginia Tech's Office of Equality and Accessibility ("OEA"), the entity responsible for investigating Title IX complaints, investigated the incident.

21. OEA assigned Title IX Investigator Defendant McCrery to conduct the investigation.

22. Ms. McCrery conducted an insufficient investigation into the allegations against Mr. Doe, relying on irrelevant social media posts and failing to interview

witnesses that would have provided alibi evidence regarding Mr. Doe's activities on the evening of January 23.

23. Ms. McCrery only interviewed witnesses suggested by and sympathetic to Ms. Roe.

24. In her report at the conclusion of her investigation, Ms. McCrery stated that there were two areas of disagreement at issue:

    a. Whether or not Ms. Roe and Mr. Doe were ever left alone together in the laundry room; and

    b. Whether or not Mr. Doe attacked Ms. Roe.

25. Ms. McCrery ignored various discrepancies in Ms. Roe's account, including but not limited to:

    a. Ms. Roe's accounting of the furniture arrangement in the apartment did not match Mr. Doe's apartment layout, though it was consistent with the layout of the apartment in which Ms. Roe's jacket and phone were found the next day.

    b. The location of Ms. Roe's phone and jacket was in dispute, as Ms. Roe's witness was "told" that they were found in Mr. Doe's apartment, but the phone and jacket were actually found in a different apartment, which was not occupied by Mr. Doe.

    c. Ms. Roe's timeline was vastly different from Mr. Doe's and that of other witnesses, indicating that she was either too intoxicated to remember correctly, or she was recalling a different incident.

d. Ms. Roe identified Mr. Doe by perusing Facebook and looking for someone with dark hair and a runner's build. That description matched nearly every member of the men's track team, many of whom were also present during the evening of the alleged incident.

e. Ms. Roe claimed her injuries and bruising were the result of an alleged struggle, while Mr. Doe and others witnessed Ms. Roe stumbling around and bumping into things due to her level of intoxication.

26. A conduct hearing was held on March 23, 2016 regarding the charges against Mr. Doe.

27. At the hearing, Mr. Doe asked several material questions of Ms. Roe, many of which she declined to answer or were rephrased or disallowed by the Student Conduct Hearing Agents Caroline Green and Kyle Rose.

28. Ms. Roe refused to answer nearly twenty material questions pertaining to her alcohol consumption and level of intoxication during the night of the alleged attack. She also refused to answer any questions about how she had identified Mr. Doe.

29. Defendants Green and Rose attempted to discourage Mr. Doe from questioning Ms. Roe further, by prompting him after each question, "is that your last question?"

30. Even though present, Ms. Roe and her witness could choose not to answer questions posed to them by Mr. Doe, to which Mr. Doe had no recourse.

31. Ms. Roe refused to answer questions about the pertinent facts of the case including her level of intoxication and how she identified Mr. Doe. Mr. Doe was without remedy for her failure to respond.

32. When Ms. Roe declined to answer a question, Defendants Green and Rose quickly sought to use the transcript of her interview conducted on January 28, 2016 as her definitive answer.

33. Mr. Doe was found responsible for verbal/non-verbal assault, sexual assault, battery, and an alcoholic beverage violation.

34. Mr. Doe appealed the finding of responsibility, pursuant to Virginia Tech's Title IX procedures, again challenging the sufficiency of the evidence against him and the improper investigation. The appeal was denied.

35. Virginia Tech expelled Mr. Doe as a sanction.

### COUNT I – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C § 1983

36. Mr. Doe incorporates all other paragraphs in this complaint, as though fully set forth in this count.

37. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

38. Virginia students at public post-secondary schools, like Virginia Tech, have a liberty and property interest in their educations, which is protected by the Fourteenth Amendment's Procedural Due Process Clause.

39. Mr. Doe has a liberty interest in his good name, reputation, honor, and integrity which is protected by the Fourteenth Amendment's Procedural Due Process Clause.

40. Because of Mr. Doe's various liberty and property interests protected by the Procedural Due Process Clause of the Fourteenth Amendment, Virginia Tech was obligated to provide him with a fundamentally fair and unbiased disciplinary process before punishing him for alleged misconduct.

41. At a minimum, Virginia Tech was required to afford him proper notice of the allegations against him and a meaningful opportunity to be heard and to defend himself.

42. The University denied Mr. Doe's due process rights when it conducted a biased investigation, failed to allow Mr. Doe to adequately question witnesses, and disregarded Mr. Doe's evidence, while favoring Ms. Roe's unsubstantiated and unreliable accusations.

43. Mr. Doe was banned from campus and unable to attend classes as a result of the biased and unjust investigation process, unfairly delaying his education.

44. The finding of responsibility and expulsion will taint Mr. Doe's student record, which will follow him throughout any other education or employment opportunities.

45. As a result of these due process violations, Mr. Doe was expelled and suffers ongoing harm to his reputation and numerous damages. He was forced to withdraw from his classes six weeks prior to graduating, he has been unable to procure

substantive work in his field, and he is marred by an erroneous record on his transcript that will negatively affect future educational and employment opportunities.

46. Mr. Doe also had to incur costs for relocating to his parent's home and searching for a job.

WHEREFORE, plaintiff John Doe prays judgment as hereinafter set forth.

### COUNT II – VIOLATION OF THE DUE PROCESS CLAUSE OF THE VIRGINIA CONSTITUTION

47. Mr. Doe incorporates all other paragraphs in this complaint, as though fully set forth in this count.

48. The Virginia Constitution states that "no person shall be deprived of his life, liberty, or property interests without due process of law." Va. Const. art. I, § 11.

49. For the reasons stated under Count I, the University deprived Mr. Doe of various liberty and property interests without due process of law.

50. Accordingly, all Defendants are liable to Mr. Doe for violations of the Virginia Constitution and Defendants McCrery, Green, and Rose are liable, in their personal capacities, for all damages arising out of those violations.

### COUNT III – VIOLATION OF TITLE IX (20 U.S.C. § 1681 *et seq.*)

51. Mr. Doe incorporates all other paragraphs in this complaint, as though fully set forth in this count.

52. Virginia Tech receives federal funding, including in the form of federal student loans given to students and is subject to the provisions of Title IX.

53. Title IX prohibits gender discrimination in the educational setting.

54. Virginia Tech erroneously found Mr. Doe responsible for verbal/non-verbal assault, sexual assault, and battery. Indeed, he is innocent of the allegations.

55. Ms. McCrery disregarded Mr. Doe's statements, failed to investigate evidence that would have exculpated him of the alleged offenses, and gave preference to the implausible and inconsistent statements of Ms. Roe because of gender bias.

56. The serious and deliberate procedural shortcomings in the investigation and adjudication of the allegations against Mr. Doe prevented him from fully defending himself.

57. Moreover, Virginia Tech initiated its investigation in the shadow of (1) Office of Civil Rights ("OCR") investigations into how colleges and universities handle allegations of sexual assault; and (2) innumerable reports covered in the national media that suggest the pervasive nature of sexual assault committed by male students on college campuses throughout the nation. As a reaction to the scrutiny of these OCR investigations and national stories, and in order to be perceived as aggressively addressing the perceptions that sexual assault against female students is rampant on college and university campuses, Virginia Tech treats male students accused of sexual misconduct by female students more aggressively than it otherwise would, and more aggressively than it would treat similar complaints made by male students against female students.

58. Virginia Tech has engaged in a pattern of unfair investigations and adjudications resulting in serious sanctions being imposed on male students, while

not making comparable efforts with respect to allegations of sexual violence and abusive conduct made against female students.

59. Here, the decision erroneously finding Mr. Doe responsible for the alleged sexual misconduct was motivated by a gender bias against accused male students.

WHEREFORE, plaintiff John Doe prays judgment as hereinafter set forth.

## COUNT IV – NEGLIGENCE

60. Mr. Doe incorporates all other paragraphs in this complaint, as though fully set forth in this count.

61. In its interactions with Mr. Doe and in conducting its investigation and adjudication of Ms. Roe's complaint, the University owed a duty to Mr. Doe to exercise reasonable care, with due regard for the truth, established procedures, and the important and irreversible consequences of its actions.

62. The University also owed a duty to Mr. Doe to take care in hiring and providing proper training for all faculty and staff members who would interact with Mr. Doe, to ensure that they understood the requirements of Title IX and the University policies and procedures and would protect Mr. Doe's due process rights as they conducted an impartial investigation.

63. Such duties arise from the obligations delineated in the University's own policies and procedures, and directives issued by the U.S. Department of Education's Office for Civil Rights.

64. Ms. McCrery negligently failed to fairly and adequately investigate the allegations and gather the information required to reach an informed conclusion concerning accountability.

65. Conduct Hearing Agents Green and Rose negligently failed to strictly abide by the right provided to Mr. Doe to ask questions of his accuser during the Conduct Hearing.

66. Virginia Tech, acting through its agents and employees, breached a duty to Mr. Doe by carelessly, improperly, and negligently performing its assigned duties, mischaracterizing the truth, and facilitating a process that violated Mr. Doe's constitutionally protected rights and interests.

67. As a direct and proximate result of the University's negligence and breach of duty, Mr. Doe suffered loss of educational opportunities, loss of income, and other future financial losses caused by his expulsion. Further, the mark on his student record has rendered Mr. Doe unable to enroll in another university or to pursue his desired degree program, and will have a lasting impact on his ability to find employment in his field of choice.

68. As a further direct and proximate result of the University's negligence, carelessness, and breach of duty, Mr. Doe has suffered and will continue to suffer from mental and emotional injuries for which compensation is warranted.

WHEREFORE, plaintiff John Doe prays judgment as hereinafter set forth.

## COUNT V – BREACH OF CONTRACT

69. Mr. Doe incorporates all other paragraphs in this complaint, as though fully set forth in this count.

70. Mr. Doe paid the University sums of money for his education, and in return, the University contracted to provide Mr. Doe with access to its undergraduate degree program.

71. Mr. Doe's enrollment in, and attendance of, classes at Virginia Tech created in Mr. Doe an expectation that he would be allowed to continue his course of study until he earned his degree from the University, provided that he maintained satisfactory grades and complied with University rules and policies.

72. Accordingly, an implied contractual relationship exists between Mr. Doe and the University, under which each party owes the other certain duties.

73. Under the implied contract between Mr. Doe and Virginia Tech, Virginia Tech has a duty not to suspend or expel Mr. Doe for disciplinary misconduct arbitrarily, capriciously, maliciously, discriminatorily, or otherwise in bad faith.

74. The University breached these contractual obligations by suspending Mr. Doe for sexual violence through an investigative and adjudicative process that—in the ways, and for the reasons, set out above—was arbitrary, capricious, malicious, discriminatory, and conducted in bad faith.

75. As a direct and proximate result of this breach, an erroneous finding that Mr. Doe committed sexual assault has been made part of Mr. Doe's educational records, which may be released to educational institutions and employers to whom Mr. Doe

applies, substantially limiting his ability to gain acceptance at other institutions or to secure future employment.

76. Accordingly, Virginia Tech is liable to Mr. Doe for breach of contract and for all damages arising therefrom.

WHEREFORE, plaintiff John Doe prays judgment as hereinafter set forth.

## COUNT VI – DECLARATORY JUDGMENT

77. Mr. Doe incorporates all other paragraphs in this complaint, as though fully set forth in this count.

78. Virginia Tech violated Mr. Doe's due process rights when it conducted a biased investigation, failed to allow Mr. Doe to question witnesses, disregarded Mr. Doe's witnesses and evidence, and allowed Ms. Roe's clearly self-interested and conflicting information and allegations to go virtually uninvestigated.

WHEREFORE, plaintiff John Doe prays that judgment be entered in his favor for:

(1) compensatory and punitive damages in an amount to be determined at trial;

(2) a permanent injunction (a) restraining Virginia Tech, and all those acting in consort with Virginia Tech, from continuing to enforce any punishment against him and from making any notation on his transcript or keeping any record relating to his disciplinary hearing in Mr. Doe's educational records, and (b) ordering that Virginia Tech rescind and expunge the sanctions entered against him by Virginia Tech;

(3) a declaration that (a) the University violated Mr. Doe's due process rights and its actions were motived purely by gender, and (b) Mr. Doe was unjustly sanctioned by Virginia Tech.

(4) costs, including attorneys' fees under Title IX and 42 U.S.C § 1988, and such further relief as is just and equitable.

DATED: April 13, 2018

Respectfully submitted,

By: /s/ Jesse R. Binnall
Harvey & Binnall, PLLC
Jesse R. Binnall
Louise T. Gitcheva
Sarah E. York
717 King Street, Suite 300
Alexandria, Virginia 22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
Email: jbinnall@harveybinnall.com
lgitcheva@harveybinnall.com
syork@harveybinnall.com


Nesenoff & Miltenberg LLP
Andrew T. Miltenberg
Tara Davis
363 Seventh Avenue, 5th Floor
New York, NY 10001-3904
Telephone: (212) 736-4500
Facsimile: (212) 736-2260
Email: amiltenberg@nmllplaw.com
tdavis@nmllplaw.com
*Pro hoc vice application forthcoming*