IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| JOHN DOE,<br><br>     **Plaintiff,**<br><br>v.<br><br>**VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY,** *et al.,*<br><br>     **Defendants.** | Civil Action No. 7:18-cv-170 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR
LEAVE TO PROCEED UNDER PSEUDONYM**

This action arises from a false accusation of sexual assault that was brought against Plaintiff John Doe by a fellow Virginia Tech student when Doe was a student. Doe challenges the University's findings and his expulsion because it failed to follow even the most basic due process requirements and because the proceedings violated his Title IX rights. He seeks to have the erroneous finding of responsibility erased from his educational records, his expulsion reversed, and to be compensated for the harm that he has suffered. In a nutshell, Doe seeks to recover his good name that has been tarnished by Virginia Tech's conduct.

In the current social climate, even an accusation of sexual misconduct is sufficient to brand a man for life. Moreover, Doe is concerned about the possibility of acts of reprisal against him should the allegations be publicized. Therefore, Doe

seeks to proceed under a pseudonym to protect his and his accuser's identities. The facts of this case revolve around an alleged sexual assault, which is fundamentally a private matter.

## FACTS

Doe was enrolled as an undergraduate student at Virginia Polytechnic Institute and State University ("Virginia Tech") from fall 2011 until the spring of 2016. Doe was a member of the varsity track team and was set to graduate in the spring of 2016. Jane Roe accused Doe of attempting to sexually assault her on January 23, 2016. Roe claimed that the alleged sexual assault occurred in Doe's campus apartment; Roe, however, has never been in Doe's apartment. Moreover, on January 23, 2016, Doe was with his friends throughout the evening in the common area of the apartments.

Roe admitted that she has a poor memory of that night due to the substantial amount of alcohol she consumed. She did lose her jacket and mobile phone, which were found the next morning in another apartment, not Doe's apartment. Roe admitted that she did not know the identity of her attacker and identified Doe by looking through Facebook for someone with dark hair and a runner's build.

The Blacksburg Police Department investigated Roe's allegations and the Commonwealth eventually dismissed the criminal allegations against Doe. The Title IX investigator, however, conducted an incomplete and biased investigation when she only interviewed Roe's witnesses and ignored the numerous discrepancies in Roe's story. At the hearing, Doe was only allowed to pose questions to Roe

through the Student Conduct Hearing Agents, who materially rephrased many of his questions. Roe refused to answer most of the material questions posed to her. Nevertheless, Doe was found responsible for verbal/non-verbal assault, sexual assault, battery, and an alcoholic beverage violation. Subsequently, Virginia Tech expelled Doe.

## ARGUMENT

While there is generally a presumption of openness in judicial proceedings, many courts, including the Fourth Circuit, have held under similar circumstances that a party may proceed anonymously. *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-94 (E.D. Va. 2016) (allowing plaintiff accused of sexual assault to proceed under pseudonym); *Painter v. Doe*, 2016 U.S. Dist. LEXIS 91003, *16 (W.D.N.C. July 13, 2006) (stating that allegations of sexual misconduct are sufficiently sensitive and personal to support proceeding under a pseudonym); *Doe v. Alger*, 2016 U.S. Dist. LEXIS 43401 (W.D. Va. Mar. 31, 2016) (allowing the alleged perpetrator and victim of sexual assault to proceed under fictitious names).

The Fourth Circuit set out a non-exhaustive five-part test to consider when a plaintiff requests to proceed under pseudonym. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The factors to be considered are: (1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private

party; and (5) whether there is a risk of unfairness to the opposing party in granting the motion. *Id.* (citations omitted).

## I. Allegations of Sexual Assault Are a Highly Personal and Sensitive Matter

The underlying facts in this case are that Roe accused Doe of sexually assaulting her while she was inebriated. Roe maintains that she was sexually assaulted. While Doe does not know whether or not that is true, he does know that he did not sexually assault Roe, or anyone else. Doe, therefore, seeks to minimize the harm of Virginia Tech's wrongful determination that he sexually assaulted Roe and to prevent further harm. Requiring Doe, and indeed Roe, to proceed under their real names would cause the harm that he seeks to avoid.

In light of the nature of this case, private, intimate details regarding the lives of both Doe and Roe are likely to be at issue. Moreover, the reason for bringing the lawsuit is to restore Doe's good name. Even if Virginia Tech's actions are found to be unconstitutional, the harm would already be done, if he is required to disclose his identity through this litigation. Given the nature of the internet today, Doe's name will forever be publicly associated with allegations of sexual assault. For these reasons, courts have routinely found that in cases that involve allegations of sexual assault the parties should be allowed to proceed under pseudonym. *See George Mason Univ.*, 179 F. Supp. 3d at 592-94; *Painter*, 2016 U.S. Dist. LEXIS 91003 at *16; *Alger*, 2016 U.S. Dist. LEXIS 43401 at * 14.

Since the interests at play here are of a highly sensitive and private nature, this factor weighs heavily in favor of anonymity.[1] Doe is seeking in this litigation to have his good name restored. If his name is public, then he cannot be made whole because this sensitive and prejudicial information will be published in the public arena. The damage will have been done.

## II.   The Identification of Doe and Roe Poses Potential Retaliatory Physical and Mental Harm

Doe could be targeted for retaliatory physical or mental harm based solely on the accusation that he committed sexual assault. *George Mason Univ.*, 179 F. Supp. 3d at 593. Moreover, Virginia Tech affords anonymity to accusers and accused during the disciplinary proceedings.[2] There is no reason to lift this veil of anonymity now simply because Virginia Tech erred and forced Doe to resort to federal litigation to clear his name.

Under the current social climate, there is no doubt that accusations of sexual assault are sufficient to tarnish a reputation. It does not matter that the accused has not been convicted of a crime. In this instance, Virginia Tech found Doe responsible, even if this Court finds that Doe was not afforded due process, that

---

[1] The Western District recently denied a motion to proceed under pseudonym. The Court found that accusations of cheating were not the type of personal information that warrants allowing plaintiff to proceed anonymously. *Doe v. Va. Polytechnic Inst. & State Univ.*, 2018 U.S. Dist. LEXIS 55453, *5 (W.D. Va. April 2, 2018). The privacy interests at issue here, false allegations of sexual misconduct, are fundamentally different and warrant protection.

[2] The Family Education Rights and Privacy Act ("FERPA") prevents institutions that receive federal funding from releasing student's educational records without consent. 20 U.S.C. § 1232g(b)(1).

does not change the damage done. Should Doe return to Virginia Tech to finish his education, that reputation would precede him. Having to live with this public reputation would be detrimental to Doe's physical and mental health.

Moreover, it would be harmful to Roe, the alleged victim, to publicize her name. To the extent that Roe was assaulted by someone other than Doe, publicizing her name would cause additional mental harm. Therefore, this factor weighs in favor of anonymity.

### III.   Doe and Roe Are Both Young

Doe and Roe were both over eighteen years old at the time of the alleged sexual assault. Both are also college age, however, on the brink of beginning their respective careers. While they are young adults, some courts have stated that being over eighteen should not be held against a college student seeking anonymity. *Yacovelli v. Moeser*, 2004 U.S. Dist. LEXIS 9152, *24 (M.D.N.C. May 20, 2004). While this factor does not weigh towards providing anonymity; it does not weigh against it either.

### IV.   The Lawsuit Is Against Both Government and Private Parties

Virginia Tech and several of its employees are named defendants. In considering whether the action is against a public or private party, this factor aims to protect private parties from reputational harm. When the lawsuit is against a governmental entity that harm is negated. *Alger*, 317 F.R.D. at *41. Here, the private parties involved all work for the governmental entity and are being sued in their official and individual capacities. Because the defendants are government

6

employees, there is much less concern than there would be with merely private individuals.

There is also public interest in state activity, including activity that violates constitutional principles. That interest is advanced not only by this litigation proceeding but also by protecting the identities of Doe and Roe. The only information that the public needs regarding Doe and Roe is that they were both students at Virginia Tech. There is no public interest in learning the identities of Doe and Roe; it is sufficient that the underlying facts and legal claims are public. Therefore, this factor is neutral at worst and at best favors proceeding under a pseudonym.

## V.    <u>There Is No Risk of Unfairness to Defendants</u>

Allowing Doe to proceed under a pseudonym will not inhibit the defendants from defending themselves against Doe's allegations. Each defendant is aware of Doe and Roe's identity. Counsel have discussed the case using Doe and Roe's actual names. Therefore, allowing Doe and Roe to remain anonymous would not result in any prejudice to defendants. This factor therefore weighs against disclosing Doe and Roe's identities to the public.

## <u>Conclusion</u>

The Court should allow Doe and Roe to proceed under pseudonyms because of the private nature of the issues before the Court. There is no unfairness to defendants. Therefore, John Doe requests that he be allowed to proceed under a pseudonym for the duration of this litigation.

DATED: August 6, 2018

Respectfully submitted,


By:    /s/ Louise T. Gitcheva    
          Harvey & Binnall, PLLC
          Jesse R. Binnall
          Louise T. Gitcheva
          Sarah E. York
          717 King Street, Suite 300
          Alexandria, Virginia 22314
          Telephone: (703) 888-1943
          Facsimile: (703) 888-1930
          Email: jbinnall@harveybinnall.com
                 lgitcheva@harveybinnall.com
                 syork@harveybinnall.com


          Nesenoff & Miltenberg LLP
          Andrew T. Miltenberg
          Tara Davis
          363 Seventh Avenue, 5th Floor
          New York, NY 10001-3904
          Telephone: (212) 736-4500
          Facsimile: (212) 736-2260
          Email:  amiltenberg@nmllplaw.com
                 tdavis@nmllplaw.com
          *Admitted Pro hoc vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2018, I filed the foregoing using the Clerk's

CM/ECF system, which will provide notice to all counsel of record.

<div style="margin-left:40%">

<u>/s/ Louise T. Gitcheva</u>
 Jesse R. Binnall
 Louise T. Gitcheva
 Sarah E. York
 Harvey & Binnall, PLLC
 717 King Street, Suite 300
 Alexandria, Virginia 22314
 Telephone: (703) 888-1943
 Facsimile:  (703) 888-1930
 jbinnall@harveybinnall.com
 lgitcheva@harveybinnall.com
 syork@harveybinnall.com

</div>