# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

|  |  |  |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:18cv170 |
| | ) | |
| VIRGINIA POLYTECHNIC INSTITUTE | ) | |
| AND STATE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS & RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendants, by counsel, submit this Reply Memorandum in support of their previously filed Motion to Dismiss, ECF No. 34, and in opposition to plaintiff John Doe's ("Doe") Motion for Leave to Amend, ECF No. 55.

Doe's Title IX and due process claims are barred by the statute of limitations for the following reasons:

➢ An analysis of the statute of limitations is proper under Rule 12(b)(6) in this case;

➢ In student dismissal and suspension cases, the cause of action accrues for Title IX and due process cases upon the school's issuance of its initial decision;

➢ Title IX claims are subject to a 300-day limitations period in Virginia;

➢ The due process claim was not filed within two years of the claim's accrual, and regardless of whether the Court applies a two-year statute of limitations or a 300-day statute of limitations to the Title IX claim, that claim is not timely either; and

➢ Neither the continuing violation doctrine nor equitable tolling is applicable in this case.

Additionally, the Title IX and due process claims fail to state a claim for relief, and Doe's proposed Amended Complaint is futile as a matter of law.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

**I.** **The Statute of Limitations Bars Doe's Due Process and Title IX Claims.**

Doe argues that the statute of limitations applicable to Title IX claims is two years. But almost all of the cases relied on by Doe are cases involving victims of sexual misconduct, not individuals alleging discrimination in the disciplinary process. Settled law requires the Court to apply the most similar state statute to Title IX claims, and the most similar state statute to Title IX discrimination claims is the Virginia Human Rights Act.

Regardless, Doe's Title IX and constitutional claims are untimely because the accrual date was the date Doe received notice of the university's disciplinary decision. There is no exhaustion requirement applicable in these cases, and Doe did not have to file an appeal before seeking relief in this Court. Therefore, his argument that the accrual date was the date of the decision of his appeal is mistaken. Finally, Doe fails to establish the elements necessary for the Court to apply the equitable tolling doctrine.

**a.** **Analysis of the Statute of Limitations is Proper under Rule 12(b)(6).**

As an initial matter, Doe is wrong that the Court cannot consider Defendants' statute of limitations argument in the context of a Rule 12(b)(6) motion. While often not suited for determination at the motion to dismiss stage, the affirmative defense that a claim is time-barred may be decided under Rule 12(b)(6) "if all facts necessary to the affirmative defense clearly appear[ ] on the face of the complaint." <u>Goodman v. PraxAir, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007). It is settled law that the Court may "take judicial notice of matters of public record, documents attached to the complaint, *and documents attached to the motion to dismiss* 'so long as they are integral to the complaint and authentic.'" <u>Parker v. Austin</u>, 105 F. Supp. 3d 592, 596 n.2 (W.D. Va. 2015)(emphasis



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0330\NHS
4850-7041-0122 .v3

added)(quoting <u>Philips v. Pitt Cnty. Mem'l Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009)); <u>see also</u> <u>Harsell v. Va. Motor Lodges, Inc.</u>, No. 7:17cv359, 2018 WL 1022594, 2018 U.S. Dist. LEXIS 28272, at *4–5 (W.D. Va. Feb. 22, 2018) (citing <u>Zak v. Chelsea Therapeutics Int'l, Ltd.</u>, 780 F.3d 597, 606 (4th Cir. 2015)).

Doe's Complaint directly references the initial hearing decision. ECF No. 1, at ¶ 33. **Exhibit A** is a true and accurate copy of the Formal Hearing Decision regarding the disciplinary proceeding set forth in Doe's Complaint.[1] Doe expressly refers to the disciplinary proceeding and decision as a basis for his claims. ECF No. 1, at ¶ 33–34. He cannot now run away from those allegations in the face of a document that is integral to the complaint and authentic and establishes the date of notice of Doe's claims. Thus, the circumstances presented here—based on Doe's own allegations—are suitable for resolving the statute of limitations issue.

   b.    **Accrual of 42 U.S.C. § 1983 & Title IX Claims.**

Under federal law, a claim accrues "when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" <u>A Soc'y Without a Name, for People Without a Home, Millennium Future-Present v. Virginia</u>, 655 F.3d 342, 348 (4th Cir. 2011) (quoting <u>Cox v. Stanton</u>, 529 F.2d 47, 50 (4th Cir. 1975)). If the "plaintiff possesses sufficient facts about the harm done to him [such] that reasonable inquiry will reveal his cause of action," his claim has accrued under federal law. <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 955 (4th Cir. 1995) (citing <u>United States v. Kubrick</u>, 444 U.S. 111, 123 (1979)). The "proper focus is on the time of the *discriminatory act*, not the point at which

---

[1] Defendants intended to attach the letter to their previously filed Memorandum in Support of their Motion to Dismiss. ECF No. 35, at *11.

629.0330\NHS
4850-7041-0122 .v3

the *consequences* of the act become painful." <u>Chardon v. Fernandez</u>, 454 U.S. 6, 8 (1981) (per curiam). Indeed, "[m]ere requests to reconsider . . . cannot extend the limitations periods applicable to civil rights laws." <u>Del. State College v. Ricks</u>, 449 U.S. 250, 261 (1981). Rather, once the plaintiff "can file suit and obtain relief," his claim has accrued. <u>Green v. Brennan</u>, 136 S. Ct. 1769, 1776 (2016).

Courts across the country agree that claims involving student dismissals or suspensions accrue upon the university's issuance of its initial decision, not the conclusion of any available appellate process. <u>See</u> <u>Tolliver v. Prairie View A&M Univ.</u>, No. H-18-1192, 2018 WL 4701571, 2018 U.S. Dist. LEXIS 169031, at *6 (S.D. Tex. Oct. 1, 2018); <u>Endres v. Ne. Ohio Med. Univ.</u>, No. 5:17cv2408, 2018 WL 4002613, 2018 U.S. Dist. LEXIS 142745, at *16–17 (N.D. Oh. Aug. 22, 2018); <u>Samuelson v. Or. State Univ.</u>, 162 F. Supp. 3d 1123, 1134–35 (D. Or. 2016); <u>Datto v. Harrison</u>, 664 F. Supp. 2d 472, 485 (E.D. Pa. 2009); <u>Siblerud v. Colo. State Bd. of Agric.</u>, 896 F. Supp. 1506, 1511 (D. Colo. 1995) (citing <u>Ricks</u>, 449 U.S. at 261).

The moment Doe could file a lawsuit is the same moment he learned of Virginia Tech's initial decision to dismiss him after the allegedly discriminatory and constitutionally inadequate process afforded him. Doe acknowledges that a student may appeal a decision based on a violation of a procedural guarantee, significant and relevant new information, and/or unduly harsh and/or arbitrary sanctions. ECF No. 1, at ¶ 34; ECF No. 49-1, at *4. Doe appealed the decision, <u>id.</u> at ¶ 34, asserting lack of procedural guarantees, significant and relevant new information that might change the outcome, and unduly harsh sanctions, ECF No. 49-2, at *2. Doe certainly had reason to know of the injury upon which his action is based when he appealed Virginia Tech's decision on March



FRITH
ANDERSON
+ PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 4 -

25, 2016, alleging virtually identical claims set forth in his Complaint. See ECF No. 49-2, at *2; Stanley v. Trs. of the Cal. State Univ., 433 F.3d 1129, 1136 (9th Cir. 2006) ("It is unnecessary to determine exactly when Stanley had notice, because she certainly had reason to know of the injury upon which her action was based when she filed a complaint alleging virtually identical claims with the State Board of Control on April 27, 2001.").[2]

### c.    Title IX - Distinction between Misconduct and Discrimination Claims.

Doe incorrectly contends that all Title IX cases are subject to the same limitations period as claims brought pursuant to 42 U.S.C. § 1983; however, Title IX cases do not have the same statute of limitations as § 1983 claims, and the limitations period differs depending on whether the claim is for discrimination or sexual misconduct. All but two of the cases cited by Do[3] involve claims by victims of sexual misconduct, not individuals claiming discriminatory processes. This subtle, yet critical nuance, is not a distinction without a difference.

To determine which state statute of limitations should apply when a federal statute omits a statute of limitations, the Court must look to most "'appropriate,'" "'analogous,'" or "similar" state statute of limitations. Wolsky v. Medical College of Hampton Rds., 1 F.3d 222, 223–24 (4th Cir. 1993) (quoting Wilson v. Garcia, 471 U.S. 261, 268, 276 (1984)). By contrast, the Supreme Court has directed that courts must apply the forum state's "statute of limitations governing general personal injury actions" for *all* section 1983 claims. Owens v. Okure, 488 U.S. 235, 251 (1989).

FAP

FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

[2]  A simple analogy is an auto accident: the plaintiff's claim accrues at the time of the accident, not months later when she begins experiencing neck and back pain she claims the accident caused.

[3]  One of the two cases, Curto v. Edmundson, 392 F.3d 502 (2d Cir. 2004) was a per curiam decision.

629.0330\NHS
4850-7041-0122 .v3

For example, with respect to claims brought pursuant to the Rehabilitation Act of 1973, such claims brought in Virginia are subject to the Virginia Rights of Persons with Disabilities Act's one-year statute of limitations because the Virginia Rights of Persons with Disabilities Act "was modeled after and is almost identical to the Rehabilitation Act." Wolsky, 1 F.3d at 224. Likewise, in Moore v. Greenwood School District Number 52, the Fourth Circuit decided that the applicable statute of limitations for a case brought pursuant to Title IX and alleging discrimination—as opposed to sexual misconduct—was the statute of limitations set forth in the South Carolina State Human Affairs Law, not South Carolina's limitations period applicable to personal injury actions. Moore, 195 F. App'x 140, 143 (4th Cir. 2006). A year later, the Fourth Circuit, in dicta, noted that the statute of limitations for Title IX claims borrows from the state's personal injury statute of limitations. Wilmink v. Kanawha County Bd. of Educ., 214 F. App'x 294, 296 n.3 (4th Cir. 2007) (per curiam). But the plaintiff in Wilmink alleged she suffered injuries as a result of sexual misconduct, not that she experienced discrimination. Id. at 295.

So, while "every circuit to consider the issue has held that Title IX also borrows the relevant state's statute of limitations for personal injury" in sexual misconduct cases, id. at 296, n.3, the same is not true for gender discrimination cases brought pursuant to Title IX. See Moore, 195 F. App'x at 143. Federal district courts in South Carolina and Maryland have recognized the distinction between the allegations at issue in Wilmink and Moore. See Isioye v. Coastal Carolina Univ., No. 4:17cv3484, 2018 U.S. Dist. LEXIS 213538, at *7–9 (D.S.C. Nov. 30, 2018); Doe v. Bd. of Educ. of Prince George's Cnty., 888 F. Supp. 2d 659, 663–64 (D. Md. 2012).



629.0330\NHS
4850-7041-0122 .v3

Title IX provides "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a). Similarly, Va. Code § 2.2-3900 states that "It is the policy of the Commonwealth to: (1) Safeguard all individuals within the Commonwealth from unlawful discrimination because of . . . sex . . . in places of public accommodation, including educational institutions . . . ." Va. Code § 2.2-3900(B)(1). Where, as here, the allegations in the Complaint are based on gender discrimination, not sexual misconduct, the Commonwealth's policy against discrimination in educational institutions on the basis of sex is more closely akin to the language of 20 U.S.C. § 1681(a). Thus, the most "analogous" and "similar" state statute of limitations is the 300-day limitations period set forth in the Virginia Human Rights Act.

Doe argues that the Virginia Human Rights Act does not create any other causes of action outside those explicitly set forth in the statute and therefore the Court should not consider it sufficiently analogous to Title IX.[4] That argument is inapt. The South Carolina statute referred to in <u>Moore</u> carries the same limitation on causes of action as the Virginia statute. <u>Compare</u> Va. Code § 2.2-3903 ("Nothing in this chapter or in Article 4 (§ 2.2-520 et seq.) of Chapter 5 creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions, except as specifically provided in subsections B and C.") <u>with</u> S.C. Code § 1-13-100 ("Nothing in this chapter may be construed to create a



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

4 Doe cites <u>Harsell</u> in support of this argument. As the Court and undersigned counsel know full well, the issue in <u>Harsell</u> was whether the statute provided a cause of action for retaliatory discharge. As noted <u>supra</u>, the South Carolina statute contains similar limiting language as the Virginia Human Rights Act, but that did not stop the <u>Moore</u> Court from finding that statute to be most similar to a Title IX discrimination claim.

629.0330\NHS
4850-7041-0122 .v3

cause of action other than those specifically described in Section 1-13-90 of this chapter.").

If Doe alleged in this case that he was a victim of sexual misconduct, his statute of limitations theory would hold water. But this is a case about alleged discrimination in the termination of Doe's status as a student, which is much more akin to the termination of an employee than a traditional tort. The consequences and effect of termination from employment are the same as the consequences and effect of expulsion from a university. Accordingly, the most analogous and similar statute to Title IX under the circumstances in this case is the Virginia Human Rights Act, which provides a 300-day statute of limitations period.

### d.    The Continuing Violation Doctrine Does Not Apply.

Courts are split as to whether the continuing violation doctrine even applies to Title IX claims. See Doe v. Mercy Catholic Med. Ctr., 850 F.3d 545, 566 (3d Cir. 2017); Dibbern v. Univ. of Mich., No. 12-15632, 2016 WL 2894491, at *19, 2016 U.S. Dist. LEXIS 65129, at *55–56 (E.D. Mich. May 18, 2016); Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 91 (2d Cir. 2011).

Nevertheless, the continuing violation doctrine focuses on "continual unlawful acts, not continual ill effects from an original violation." Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 423 (3d Cir. 2005); A Soc'y Without a Name, 655 F.3d at 348–49 ("But continual unlawful acts are distinguishable from the  continuing ill effects of an original violation because the latter do not constitute a continuing violation.") (citation omitted).

In A Society Without a Name, the plaintiff contended that the construction of a homeless services center was not compliant with the Americans with Disabilities Act. A



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 8 -

Soc'y Without a Name for People Without a Home, Millennium Future-Present v. Virginia, 699. F. Supp. 2d 787, 800, 2010 U.S. Dist. LEXIS 23783 (E.D. Va. Feb. 17, 2010). In an attempt to avoid a statute of limitations defense, the plaintiff argued that the center's continued provision of services constituted a continuing violation so as to extend the limitations period. Id. The district court disagreed and refused to conclude that "each decision to add a new service for the homeless at the Conrad Center constitutes a continuation of unlawful discrimination under the ADA." Id. at 800, 2010 U.S. Dist. LEXIS 23783, adopted by, 699 F. Supp. 2d 787, 789, 2010 U.S. Dist. LEXIS 23807 (E.D. Va. Mar. 15, 2010). The Fourth Circuit affirmed. A Soc'y Without a Name, 655 F.3d at 348–49; see also Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 189 (4th Cir. 1999) ("At bottom, appellants' continuing violation argument rests on the alleged ongoing effects of the original decision to locate the highway in proximity to Jersey Heights.").

Doe's reliance on Va. Code § 23.1-900 to support his continuing violation claim is an impermissible attempt to amend his complaint through a response in opposition to a motion to dismiss. Katz v.Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (citing Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989)); Luther v. Wells Fargo Bank, N.A., No. 4:13cv72, 2014 U.S. Dist. LEXIS 64977, at *7 n.4 (W.D. Va. Apr. 18, 2014), adopted by, 2014 WL 1820062, 2014 U.S. Dist. LEXIS 100728 (W.D. Va. July 24, 2014).The Complaint contains no allegations regarding the statute. The proposed Amended Complaint contains no such allegations either.

Regardless, Doe's reference to the appeal and the recently enacted statute are—at most—ongoing effects of the original decision finding him responsible for sexual misconduct, not continual violations.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

To that end, Doe's reliance on <u>Flint v. Dennison</u>, 488 F.3d 816, 925 (9th Cir. 2007), and <u>Doe v. University of Colorado, Boulder</u>, 255 F. Supp. 3d 1064, 1082 (D. Colo. 2017) is misplaced. The <u>Flint</u> and <u>Doe</u> Courts discussed the "continuing violation" of a notation on a student's record in the context of whether a request for expungement was in the form of prospective injunctive relief. Indeed, the <u>Flint</u> Court compared the student's request for expungement to a request for reinstatement after a wrongful discharge.[5] Of course, no one can seriously contend that a wrongful discharge would represent a "continuing violation" for purposes of the applicable statute of limitations so as to toll the limitations period indefinitely.

**e.      Equitable Tolling Does Not Apply.**

Doe maintains he is entitled to equitable tolling in this case. But Doe fails to set forth facts meeting the applicable standard for equitable tolling. Indeed, Doe relies on inapposite case law discussing federal equitable tolling principles. <u>Accord</u> <u>Barnes v. West, Inc.</u>, 243 F. Supp. 2d 559, 561–62, 561 n.4 (E.D. Va. 2003) (applying federal equitable tolling analysis to Truth in Lending Act claim). Federal courts applying state statutes of limitations must also follow the state's "rule for tolling that statute of limitations." <u>Scoggins v. Douglas</u>, 760 F.2d 535, 537 (4th Cir. 1985) (citing <u>Bd. of Regents v. Tomanio</u>, 446 U.S. 478, 484–86 (1980)).[6] Because Doe sues under federal statutes that borrow

---

[5]  Note the Ninth Circuit's comparison to employment law. <u>See</u> <u>infra</u> at *7–8 (Title IX discrimination claims are more like employment claims.)

[6]  Only if (i) state tolling rules do not apply and (ii) refusal to toll the claims under state law is inconsistent with federal law and policy may the Court look to federal equitable tolling principles. <u>Battle v. Ledford</u>, 912 F.3d 708, 713–14 (4th Cir. 2019). <u>Battle</u>'s ruling is limited to prisoner claims in the § 1983 context. <u>Id.</u> at 715 (". . . Virginia's no-tolling rule, as applied to prisoners seeking to bring § 1983 claims, frustrates the goals of § 1983 . . . ."). Further, Doe does not argue or allege, and Defendants are not aware of, any circumstances in this case suggesting that Virginia's tolling rules are inconsistent with federal law and policy undergirding Title IX.

- 10 -

629.0330\NHS
4850-7041-0122 .v3

FAP
FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

statutes of limitations from state law, the Court must apply Virginia law regarding equitable tolling principles.

Virginia strictly enforces its statutes of limitations. <u>Casey v. Merck & Co., Inc.</u>, 283 Va. 411, 416, 722 S.E.2d 842, 845 (2012). Unless there is "clear statutory enactment" permitting tolling, <u>Arrington v. Peoples Security Life Insurance Co.</u>, 250 Va. 52, 55–56, 458 S.E.2d 289, 290–91 (1995), or there exists "certain extraordinary circumstance, wherein the positive and plain requirements of an equitable estoppel" argument permits tolling, Virginia's statute of limitations may not be tolled, <u>Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.</u>, 221 Va. 81, 85, 266 S.E.2d 887, 889 (1980). On this issue, Virginia stands apart from other states embracing clear tests for applying equitable tolling. <u>See</u>, <u>e.g.</u>, <u>Ex Parte Ward</u>, 56 So.3d 888, 897 (Ala. 2007); <u>Kaiser v. Umialik Ins.</u>, 108 P.3d 876, 881–82 (Alaska 2005); <u>Arthur v. Pierre Ltd.</u>, 100 P. 3d 987, 996 (Mont. 2004).

> To claim the right to equitable tolling, or equitable estoppel, Doe
>
> must prove by clear, precise, and unequivocal evidence the following elements: (1) A material fact was falsely represented or concealed; (2) The representation or concealment was made with knowledge of the facts; (3) The party to whom the representation was made was ignorant of the truth of the matter; (4) The representation was made with the intention that the other party should act upon it; (5) The other party was induced to act upon it; and (6) The party claiming estoppel was misled to his injury.

<u>Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal Co.</u>, 221 Va. 81, 86, 266 S.E.2d 887, 889 (1980) (citations omitted).

To meet his burden, Doe regurgitates his unconvincing claims regarding the handbook and decision letter. The letter and handbook, however, do not state anything regarding Doe's right to pursue a civil lawsuit. Neither states he must file an appeal or exhaust administrative remedies prior to seeking recourse in the courts. No material facts



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

are falsely represented or concealed. Thus, Doe has not met his burden of showing "clear, precise, and unequivocal evidence" supporting the application of equitable tolling under Virginia law.

Moreover, even in circumstances mandating exhaustion of administrative remedies prior to filing suit—which is not the case here—the administrative review process does not serve as a basis for invoking equitable estoppel under Virginia law. Battle, 912 F. 3d at 714. Here, there was no requirement for Doe to appeal through the administrative process, so even accepting Doe's argument that the decision letter and Hokie Handbook made it unclear when the sanction took effect, the appeal process through the university was completely disconnected to Doe's right to file a separate legal action.

## II. <u>Defendants' Immunity From Suit.</u>

Doe appears to concede Defendants' arguments regarding immunity from suit for money damages in their official capacities.

Virginia Tech is a state agency. Va. Code § 23.1-2600, <u>et</u> <u>seq.</u>  The Board of Visitors of Virginia Tech is a body corporate created by the Virginia General Assembly to operate the university.  <u>Id.</u> Therefore, neither Virginia Tech nor any of its officials in their official capacity is a "person" under § 1983. <u>See</u> <u>Yunsong Zhao v. Va. Polytechnic Inst. & State Univ.</u>, No. 7:18cv189, 2018 WL 5018487, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va. Oct. 15, 2018) (citing <u>Carboni v. Meldrum</u>, 949 F. Supp. 427, 433 (W.D. Va. 1996); <u>Collin v. Rector & Bd. of Visitors of the Univ. of Va.</u>, 873 F. Supp. 1008, 1013 (W.D. Va. 2005)). Because they are not "persons," Plaintiff may only recover equitable relief from Virginia Tech and its officials in their official capacity.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0330\NHS
4850-7041-0122 .v3

As an agency of the Commonwealth, Virginia Tech also enjoys Eleventh Amendment immunity from suit in federal court. See <u>Carboni</u>, 949 F. Supp. at 433 (Virginia Tech is entitled to Eleventh Amendment immunity). Further, <u>Ex Parte Young</u>'s exception to Eleventh Amendment immunity does not extend to "permit judgments against state officers declaring that they violated federal law in the past . . . ." <u>Yunsong Zhao</u>, 2018 U.S. Dist. LEXIS 177991, at *9–10 (citing <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 146 (1993)).

Accordingly, Plaintiff's § 1983 claim, state law claims in Count Two, Four, Five, and Six, and request for declaratory relief in Count Eight against Virginia Tech must be dismissed.

**III.**     <u>**Doe's Due Process Claim is Unsalvageable.**</u>

Because he fails to allege facts giving rise to a recognized liberty or property interest and alleges facts conceding he received adequate process, Doe's claim fails as a matter of law.

**a.**     **Doe Fails to Identify a Recognized Property Interest.**

Curiously, Doe cites <u>Doe v. Rector & Visitors of George Mason Univ.</u>, 132 F. Supp. 3d 712, 721 (E.D. Va. 2015), in support of his argument that he has a protected property interest in higher education. ECF No. 49, at *13. But that court explained that the Fourth Circuit and the Supreme Court have "assum[ed], without deciding, that a person has a constitutionally protected interest in enrollment in a state college, university, or other post-secondary educational facility" in cases resolved on the grounds of whether the process was constitutionally sufficient "to avoid deciding unnecessary issues." <u>George Mason</u>, 132 F. Supp. 3d at 721. In that case, the <u>George Mason</u> Court decided that a



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0330\NHS
4850-7041-0122 .v3

proposed second amended complaint did not allege facts sufficient to show "the existence of a qualifying property interest" and dismissed the claim. Id. at 721, 721 n.9 (collecting cases dismissing claims based on property interests).

In George Mason, the proposed second amended complaint "fail[ed] to cite or to identify any statute or other source of a legitimate claim of entitlement to plaintiff's continued enrollment at GMU. Instead, the [second amended complaint] allege[d] only that plaintiff 'had a constitutionally protected property interest in continuing his education at George Mason University." Id. at 720. The George Mason Court noted that the Virginia Constitution does not guarantee post-secondary or college education. Id.

Doe's reliance on Alger is equally flawed because the plaintiff in Alger alleged that James Madison University created a property right in the plaintiff's continued education by adopting policies allowing for dismissal, suspension, or expulsion of students only for cause and adopting a student rights policy. Doe v. Alger, 175 F. Supp. 3d 646, 657–58 (W.D. Va. 2016). Doe does not allege any facts similar to the allegations in the Alger case. Other than a broad legal conclusion, Doe fails to set forth facts substantiating the existence of a qualifying property interest.

**b.      Doe Fails to Identify a Recognized Liberty Interest.**

Doe relies on George Mason in support of his liberty interest claim as well, but in Doe v. Alger, this Court rejected the George Mason Court's recognition of a liberty interest. Id. at 660 n.8. The allegations in Alger with respect to the plaintiff's liberty interest were almost identical to Doe's allegations here. See id. at 658. Doe merely alleges damage to his reputation and fails to allege any concomitant alteration or extinguishment of a statutorily granted legal status. Thus, there is no reason for this Court to depart from its



629.0330\NHS
4850-7041-0122 .v3

ruling in <u>Doe v. Alger</u> that Doe does not state a protected liberty interest for purposes of his due process claim.

**c.      Doe Received Adequate Notice.**

Doe does not claim in the Complaint or argue in his Response in Opposition to Defendants' Motion to Dismiss that he did not receive adequate notice. Therefore, it should be deemed admitted that Doe received adequate notice of the claim against him.

**d.      Doe Received the Process He was Due.**

Doe points to a litany of things he believes Defendants did wrong during the investigation and hearing. ECF No. 49, at **16, 18–19. None, however, implicate procedural due process applicable to college disciplinary proceedings. The majority of Doe's complaints are about investigatory determinations, not procedural flaws. <u>Id.</u> at *16 ("McCrery improperly relied on irrelevant social media posts . . . . McCrery only interviewed witnesses identified by Roe. McCrery ignored all evidence tending to exculpate [Doe] . . . ."). The due process standard embraced by the Fourth Circuit in the context of student disciplinary proceedings makes no mention of the investigation phase. <u>See</u> <u>Doe v. Alger</u>, 175 F. Supp. 3d at 661. Moreover, the individual Defendants' decisions not to believe Doe do not amount to a violation of procedural due process. <u>See</u> <u>Butler v. Rector & Bd. of Visitors of the Coll. of William & Mary</u>, 121 F. App'x 515, 520 4th Cir. 2005). As to Doe's complaints about questioning Roe, "the clear weight of authority holds that a student facing an expulsion hearing does not have the right to cross-examine witnesses or even learn their identities." <u>B.S. v. Bd. of Sch. Trs.</u>, 255 F. Supp. 2d 891, 899 (N.D. Ind. 2003) (collecting cases); <u>Haney v. West Chester Univ.</u>, No. 18-02456, 2018 WL 3917975, 2018 U.S. Dist. LEXIS 138639, at *23–24 (E.D. Pa. Aug. 16, 2018); <u>Butler</u>, 121 F.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 15 -

629.0330\NHS
4850-7041-0122 .v3

App'x at 520 (no basis in the law for importing requirement of right to call and cross-examine witnesses in academic context); J.S. v. Isle of Wight Cnty. Sch. Bd., 362 F. Supp. 2d 675, 683 (E.D. Va. 2005).

Finally, Doe fails to identify facts in the Complaint sufficient to establish supervisory liability against defendant Sands or Shushok under 42 U.S.C. § 1983. "To establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Individual liability under § 1983 requires an affirmative showing "'that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.'" Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)); Cook v. James, 100 F. App'x 178, 180 (4th Cir. 2004) (citing Wright, 766 F.2d at 850)). A supervisor may be held liable for the constitutional violations of his subordinates only when the supervisor "demonstrated deliberate indifference to, or tacit authorization of, the conduct of [his] subordinates." Bradshaw v. Harden, 401 F. App'x 805, 807 (4th Cir. 2010) (per curiam) (citing Slakan v. Porter, 737 F.2d 368, 372-73 (4th Cir. 1984)). There are no allegations suggesting Shushok or Sands were even aware of the investigation, hearing, or appeal.

For these reasons, Doe fails to allege that Defendants denied him due process.

**e.** **Doe Fails to Rebut Defendants' Entitlement to Qualified Immunity.**

In the interest of brevity, Defendants incorporate by reference their arguments regarding qualified immunity in 7:18cv492, ECF No. 22, at *21–25, and 7:18cv523, ECF No. 19, at *17–21. Doe's arguments in response fail to identify controlling authority


FAP

FRITH
ANDERSON
+ PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 16 -

establishing a constitutional violation on facts similar to those alleged by Doe, and there is not a consensus of persuasive authority from other jurisdictions either. See <u>Doe v. Univ. of Ky.</u>, 860 F.3d 365, 370 (6th Cir. 2017) (citing <u>Doe v. Cummins</u>, 662 F. App'x 437, 446 (6th Cir. 2016)); <u>Hess v. Bd. of Trs. of S. Ill. Univ.</u>, 839 F.3d 668, 677 (7th Cir. 2016); <u>Parker v. Duffey</u>, 251 F. App'x 879, 883 (5th Cir. 2007). In summary, there is no controlling authority requiring (i) a full trial in student conduct cases, even those where the student faces expulsion; or (ii) the right to cross-examine witnesses.

**IV.** **<u>Doe's Allegations Do Not State a Title IX Erroneous Outcome Claim.</u>**

Doe's Title IX claim fails because it lacks sufficient facts necessary for the requisite causal link between gender bias and the alleged erroneous finding of responsibility for sexual misconduct. See <u>Yusuf v. Vassar College</u>, 35 F.3d 709, 715 (2d Cir. 1994). Simply alleging an erroneous outcome along with a conclusory allegation of gender discrimination is not enough. <u>Id.</u> Under <u>Yusuf</u>, a plaintiff "must also allege particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." <u>Id.</u>

Doe cites <u>Doe v. Washington & Lee University</u>, No. 6:14cv52, 2015 WL 4647996, 2015 U.S. Dist. LEXIS 102426 (W.D. Va. Aug. 2015), in support of his argument that his allegations are sufficient to withstand Defendants' motion to dismiss. But the Complaint in <u>Washington & Lee</u> contained specific allegations regarding statements by the Title IX investigator raising an inference of gender bias, <u>id.</u> at *28, along with detailed examples of omissions in the proceedings that, along with the alleged "pressure from the government to convict male students of sexual assault" plausibly established the necessary causal link." <u>Id.</u> at *28–29.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0330\NHS
4850-7041-0122 .v3

Conversely, in this case Doe points to no direct evidence of gender bias and relies solely on the credibility determinations and outcome of the disciplinary proceedings and the conclusory allegations—without any facts to support them—that Virginia Tech was under pressure to treat male students harshly and engaged in a pattern of unfair investigations and adjudications against males. Mere conjecture and speculation of discrimination based on sex fails to state a claim under Title IX. <u>Yusuf</u>, 35 F.3d at 715. Doe's conclusory allegations are insufficient to make it plausible that gender bias was a motivating factor in the alleged erroneous outcome. <u>See</u> <u>Doe v. W. New Eng. Univ.</u>, 228 F. Supp. 3d 154, 190, 2016 U.S. Dist. LEXIS 181656 (D. Mass. Aug. 31, 2016), <u>adopted</u> <u>by</u> 228 F. Supp. 3d 154, 2017 U.S. Dist. LEXIS 4085 (D. Mass. Jan. 11, 2017); <u>Sahm v. Miami Univ.</u>, 110 F. Supp. 3d 774, 778–80 (dismissing plaintiff's Title IX claim because the complaint failed to allege any statements of members of the disciplinary body or university officials or any patterns of conduct that permitted the court to infer bias against male students); <u>Doe v. Univ. of Mass-Amherst</u>, No. 14-30143, 2015 WL 4306521, at *8, 2015 U.S. Dist. LEXIS 65452, at *27 (D. Mass. July 14, 2015); <u>Harris v. St. Joseph's Univ.</u>, 2014 U.S. Dist. LEXIS 65452, at *16–17, 2014 WL 1910242, at *4 (E.D. Pa. May 13, 2014) (dismissing plaintiff's Title IX claim due to his failure to allege sufficient facts to support his claim that gender bias was a motivating factor in the university's decision); <u>see</u> <u>also</u> <u>King v. DePauw Univ.</u>, No. 2:14cv70, 2014 U.S. Dist. LEXIS 117075, 2014 WL 4197507, at *10 (S.D. Ind. Aug. 22, 2014) (denying plaintiff's motion for a preliminary injunction based on an alleged violation of Title IX due to the absence of any evidence that "plaintiff's gender was a motivating factor in any of [the university's] actions").



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0330\NHS
4850-7041-0122 .v3

Doe's allegations regarding the alleged Office for Civil Rights investigations and media reports regarding sexual assault on campus do not save his claims either. Doe does not allege that the Office for Civil Rights initiated any investigations of Virginia Tech or that any of the alleged media reports implicated Virginia Tech. Thus, Doe's allegations are distinguishable from cases like <u>Wells v. Xavier University</u>, 7 F. Supp. 3d 746 (S.D. Ohio 2014). In <u>Wells</u>, Xavier University was under investigation for its handling of prior sexual assault claims, and the plaintiff claimed he was made a scapegoat as a result of that investigation. <u>Wells</u>, 7 F. Supp. 3d at 747. Even if there had been prior media reports about sexual assault at Virginia Tech—and Doe had alleged such reports existed—those allegations might still be insufficient to withstand a motion to dismiss. <u>See</u> <u>Sahm</u>, 110 F. Supp. 3d at 780.

Finally, bias in favor of alleged victims of sexual assault and against alleged perpetrators is not the equivalent of bias against males. <u>Haley v. Va. Commonwealth Univ.</u>, 948 F. Supp. 573, 579 (E.D. Va. 1996); <u>see</u> <u>also</u> <u>Doe v. Univ. of Cincinnati</u>, 173 F. Supp. 3d 586, 607 (S.D. Ohio 2016). Doe also claims that Virginia Tech unfairly investigates and adjudicates claims of sexual assault against male students, ostensibly based on some statistical analysis not set forth in the Complaint. Again, that allegation does not per se equate to gender bias.

> "In order for statistical evidence to be meaningful, it must eliminate the most likely non-discriminatory reasons for the disparity. <u>Bender v. Hecht's Dept. Stores</u>, 455 F.3d 612, 622 (6th Cir. 2006). There are however, at least two related non-discriminatory reasons for the disparity between males and females in sexual misconduct cases: 1) [the university] has only received complaints of male-on-female sexual assault; and 2) males are less likely than females to report sexual assaults."

<u>Univ. of Cincinnati</u>, 173 F. Supp. 3d at 607–08.

629.0330\NHS
4850-7041-0122 .v3



## V.    Declaratory Judgment is Unwarranted.

Count VI purports to allege a claim for declaratory judgment. "[A] declaratory judgment is a remedy and not a right of action." Healy v. Chesapeake Appalachia, LLC, No. 1:10cv23, 2011 WL 24261, 2011 U.S. Dist. LEXIS 759, at *47 (W.D. Va. Jan. 5, 2011). Additionally, declaratory judgment "is appropriate [only] when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." Penn-Am. Ins. Co. v. Coffey, 368 F.3d 409, 412 (4th Cir. 2004). It is not appropriate where, as here, "questionable conduct has already occurred, damages have already accrued, and a suit has already been instituted." Gregory v. FedEx Ground Packaging Sys., No. 2:10cv630, 2012 WL 2396873, 2012 U.S. Dist. LEXIS 87798, at *28 (E.D. Va. May 9, 2012) (recommending dismissal of claim for declaratory judgment where the plaintiffs' "rights to damages have already accrued to the extent that the conduct of which they complain has already occurred."), adopted by, 2012 WL 2396873, 2012 U.S. Dist. LEXIS 87830 (E.D. Va. June 22, 2012).

## VI.    Doe's Proposed Amended Complaint

In order to avoid a potential dismissal with prejudice, Doe submitted a proposed Amended Complaint. ECF No. 56-1.

Rule 15(a) of the Federal Rules of Civil Procedure permits the amendment of a complaint once as a matter of course within twenty-one (21) days after serving the original pleading or within twenty-one days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0330\NHS
4850-7041-0122 .v3

Fed. R. Civ. P. 15(a)(2). While the "court should freely give leave when justice so requires," id., "'leave to amend a pleading should be denied . . . when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile if it advances a claim that is "clearly insufficient or frivolous on its face." <u>Anand v. Ocwen Loan Servicing, LLC</u>, 754 F.3d 195, 200 (4th Cir. 2014).

Because more than twenty-one (21) days have passed since the filing of Defendants' responsive pleading, Doe must have Defendants' consent or leave of court in order to amend his Complaint. Fed. R. Civ. P. 15(a)(1) and (a)(2).

> **a.     The New Allegations in the Amended Complaint.**

The proposed Amended Complaint does not remedy the deficiencies highlighted in Defendants' motion to dismiss and set forth above. Accordingly, Doe's proposed amendment is futile.

The Amended Complaint retracts the negligence claim and adds a claim based on Virginia's law of associations. Other than the new allegations regarding the law of associations, the Amended Complaint adds the following new and/or revised allegations:

> ➤ Defendant Shushok oversees OEA. He has shown his bias against males accused of sexual misconduct on social media. For instance, he has specifically said on Twitter that the correct way to deal with sexual violence is to "talk to our boys." ECF No. 56-1, ¶ 21.

> ➤ The decision is not final until the appeal is decided. <u>Id.</u> at ¶ 35.

> ➤ The appeal process at Virginia Tech has different procedures in Title IX cases than the process for other student conduct cases. In regular student conduct cases, only an accused student can appeal. In Title IX cases, both the accused and the accuser



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 21 -

629.0330\NHS
4850-7041-0122 .v3

can appeal. Virginia Tech officials are more likely to carefully consider an appeal from a female appellant than a male appellant. In fact it is very rare for the University to overturn findings of responsibility against male students accused of sexual misconduct, even when the evidence in favor of the male student is clear (as it was in this case). Id. at ¶ 37.

➢ Mr. Doe's appeal was denied. Id. at ¶ 38.[7]

➢ In the summer of 2018, the University decided to punish Doe again. They had not previously noted his expulsion on his student transcript. But in the summer of 2018, the University amended his transcript to note his expulsion, making it almost impossible for him to complete his degree at a different institution. Id. at ¶40.

➢ To date, Doe has been unable to complete his college degree. Id. at ¶ 41.

➢ The appeal process did not give Doe a meaningful opportunity to challenge the finding of responsibility and clear his name. Id. at ¶ 51.

➢ The notation of expulsion on his student transcript will further severely limit his ability to find academic or career success. It will cause other educational institutions and many employers to reject him because of the wrongful disciplinary action. Id. at ¶ 52.

➢ Defendant Shushok has demonstrated his bias against males accused of sexual assault, as previously explained. Id. at ¶ 67.

➢ The appeal process for Title IX cases disproportionately and negatively affects male students. Appeals from male students are almost certain to fail. The appeal process itself favors female students because complainants in Title IX cases (who are overwhelmingly female) are given the right to appeal adverse decisions, unlike complainants in non-Title IX cases. Id. at ¶ 68.

➢ The University favors female complainants over male complainants. If a male makes a Title IX complaint against a female, University officials are more likely to ignore the complaint and not even bring it forward to a hearing than if the complaint was brought by a similarly situated male. Id. at ¶ 69.

**b.      New Allegations Applicable to Title IX Claim.**

The new allegations with respect to Doe's Title IX claim regard Shushok's alleged

gender bias based on one social media posting, the appeal process applicable to gender-



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

---

[7] This allegation was in paragraph 35 of the original Complaint. ECF No. 1.

based violence cases, and alleged disproportionate treatment by Defendants of males accused of sexual misconduct.

While Doe alleges Shushok has made statements allegedly evidencing gender bias, Doe does not allege that Shushok played any part in the determination of Doe's disciplinary proceedings. Further, Doe does not allege that Shushok imparted that alleged gender bias on anyone involved in Doe's disciplinary proceeding through internal policies, training, or in any other form. There is no allegation of any involvement by Shushok in this investigation or that he trained or advised anyone mentioned in the Amended Complaint to treat males under investigation more harshly.

Doe claims that Virginia Tech's policy regarding appeals in gender-based violence cases "disproportionately and negatively affects male students." The policy, however, is gender-neutral on its face and states only that "the complainant and the respondent can file an appeal regardless of the outcome." ECF No. 49-1, at *4. Beyond the policy, Doe does not allege "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." Yusuf, 35 F.3d at 715. Instead, Doe offers only conclusory and speculative allegations that the appeal process is biased and that the University favors female complainants over males. As noted above, these allegations are insufficient because they do not take into account "non-discriminatory reasons for the disparity between males and females in sexual misconduct cases." Univ. of Cincinnati, 173 F. Supp. 3d at 607–08.

To the extent Doe seeks to claim disparate impact resulting from inadequate procedures that disproportionately affect males, such claims are foreclosed under Title IX.

629.0330\NHS
4850-7041-0122 .v3

<u>Doe v. Rector & Visitors of George Mason Univ.</u>, 132 F. Supp. 3d 712, 731–32, 732 n.26 (E.D. Va. 2015) (collecting cases).

### c. New Allegations Applicable to Due Process Claim.

Defendants have already addressed the impact—or lack thereof—of the appeal and the notation on Doe's transcript with respect to Defendants' statute of limitations defense.

To the extent that Doe contends the appeal process violated his due process rights, he still fails to state a claim for relief. Virginia Tech provided Doe the opportunity to appeal the initial decision, and Doe did so, highlighting the alleged procedural flaws, insufficient evidence, and improper investigation. Virginia Tech denied Doe's appeal and provided him with a written explanation of the denial. The Hokie Handbook does not provide for a *de novo* appellate review of student conduct cases. ECF No. 49-1, at *4; ECF No. 49-2, at *2. The due process standard embraced by the Fourth Circuit in student misconduct cases does not even require an appeal. <u>See</u> <u>Alger</u>, 175 F. Supp. 3d at 661; <u>Doe v. Loh</u>, No. PX-16-3314, 2018 WL 1535495, 2018 U.S. Dist. LEXIS 53619, at *22 (D. Md. Mar. 29, 2018) (collecting cases). Even if the Court determines that a *de novo* appeal is required, it is not clearly established, and Defendants would be entitled to qualified immunity. Accordingly, Doe's due process claim regarding the appeal is futile.

### d. Virginia's Law of Associations Does Not Apply to Universities.

Doe seeks to add a new claim for Virginia Tech's alleged breach of duties owed under the law of association. ECF No. 56-1, at *15. Plaintiff bases this claim on the allegation that Virginia Tech failed to follow its Title IX Policy and Hokie Handbook. <u>Id.</u> at



FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

at ¶ 82. Assuming, *arguendo*, Plaintiff's claim would not be barred pursuant to Virginia Tech's Eleventh Amendment immunity, Plaintiff's claim still fails.

As an initial matter, it is unclear whether Virginia law recognizes a cause of action under its law of associations when the relationship of the parties is that of university and student. <u>Doe v. Marymount Univ.</u>, 297 F. Supp. 3d 573, 590–91 (E.D. Va. 2018). Therefore, the Court should abstain from recognizing the cause of action asserted by Plaintiff given the significant public policy implications of expanding Virginia's law of associations. <u>Id.</u> at 591 (citing <u>Wade v. Danek Medical, Inc.</u>, 182 F.3d 281, 286 (4th Cir. 1999)).

Regardless, Virginia's law of associations provides a limited cause of action. Courts have limited power to review the internal management or policies of corporations. <u>Gottlieb v. Economy Stores, Inc.</u>, 199 Va. 848, 857, 102 S.E.2d 345, 352 (1958).

> In reviewing an action expelling a member of a corporation, [courts] may inquire whether the member was given reasonable notice of the hearing of the charge against him, whether he was afforded an opportunity to be heard, and whether the hearing and expulsion were in good faith. In cases where the evidence is conflicting, the action of the corporation is conclusive, if it is in accordance with the law and the powers conferred upon the corporation. When there is evidence tending to support the conclusion, the courts will not interfere with the merits of the decision.

<u>Id.</u> at 857–58, 102 S.E.2d at 352. Here, Plaintiff concedes there was conflicting evidence: Roe's allegation that Plaintiff sexually assaulted him. Accordingly, the Court should not act as a super-tribunal substituting its judgment for that of the hearing officers who had the opportunity to hear the evidence first-hand and judge the credibility of the witnesses. <u>See</u> <u>Doe v. Marymount Univ.</u>, 297 F. Supp. 3d at 591.

Doe relies on <u>Helton v. University of Richmond</u> 2 Va. Cir. 254 (Richmond 1985), in support of his associations claim. <u>Helton</u> appears to be an outlier that relied on New York's law of associations. <u>Id.</u> at 254. The court in <u>Doe v. Marymount University</u> identified


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 25 -

one other Virginia circuit court decision addressing the law of associations, but not in the higher education context. Doe v. Marymount Univ., 297 F. Supp. at 590. As the Marymount Court noted, the Helton decision is unclear as to what specific legal theory it relied on in reaching its conclusion. Id. With the dearth of authority in this realm, a federal court should not expand Virginia law by recognizing Doe's proposed claim.

      **e.**     **Doe Still Has Not Provided Required Notice for His Breach of Contract Claim.**

As of March 12, Doe still has not provided notice of his claim for breach of contract to the President of Virginia Tech. This flaw is fatal. Cominelli v. Rector & Visitors of the Univ. of Va., 589 F. Supp. 2d 706, 719 (W.D. Va. 2008).

<h3 style="text-align:center">CONCLUSION</h3>

WHEREFORE, for the foregoing reasons, defendants respectfully request entry of an Order granting their Motion to Dismiss, denying Doe's Motion for Leave to File an Amended Complaint, dismissing the Complaint with prejudice and striking it from the active docket of this Court, and granting such further relief as the Court deems just and proper.

                      Respectfully Submitted,

                      VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, TIMOTHY SANDS, FRANK SHUSHOK, JR., ENNIS MCCRERY, CAROLINE GREEN, AND KYLE ROSE.

                      By:     /s/ _____

                                *Counsel for Defendants*



629.0330\NHS
4850-7041-0122 .v3

Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
Winston W. Burks, IV (VSB #: 93411)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
        nschnetzler@faplawfirm.com
        wburks@faplawfirm.com

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
M. Hudson McClanahan (VSB No.: 46363)
Stephen F. Capaldo (VSB No.: 74045)
Kristina J. Hartman (VSB No.: 92279)
Associate University Legal Counsel and
Assistant Attorney General
University Legal Counsel (0121)
Burruss Hall, Suite 236, Virginia Tech
800 Drillfield Drive
Blacksburg, VA  24060
Phone: (540) 231-6293
Email: heidbred@vt.edu
        hud3@vt.edu
        scapaldo@vt.edu
        kjhart06@vt.edu



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 27 -

629.0330\NHS
4850-7041-0122 .v3

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Nathan H. Schnetzler



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 28 -

629.0330\NHS
4850-7041-0122 .v3