UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, <br><br> Defendant. | Civil Action No. 7:18-cv-00170 |

Plaintiff's Notice of Supplemental Authority
Regarding Defendant's Motion for a Protective Order

On Friday, May 29, 2020 the United States Court of Appeals for the Third Circuit decided *Doe v. University of the Sciences,* Case No. 19-2966 (3d Cir. 2020) ("USciences"). The slip opinion is attached as Exhibit 1. In discussing what deference is owed to a University's disciplinary process, the court held:

> Doe's allegations of unfairness arise in a breach-of-contract claim between two private parties—a private university and one of its students. Under those circumstances, courts are sometimes chary about reviewing too closely the manner in which a private university chooses to investigate and discipline its students. That is especially appropriate for matters uniquely within the institution's province, such as academic integrity or faculty development and discipline. *See, e.g., Reardon v. Allegheny Coll.*, 926 A.2d 477, 480 n.2 (Pa. Super. Ct. 2007) (discussing *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418 (Pa. 2001)); *Boehm v. Univ. of Pa. Sch. of Veterinary Med.*, 573 A.2d 575, 579–82 (Pa. Super. Ct. 1990).
>
> This is not such a case. The investigation and fair adjudication of alleged criminal activity like sexual assault is not

uniquely within the province of colleges and universities. Yet accused "students have a substantial interest at stake when it comes to school disciplinary hearings for sexual misconduct," [*Doe. Baum*, 903 F.3d 575, 582 (6th Cir. 2018)], because the consequences are potentially dire and permanent: "[a] finding of responsibility for a sexual offense can have a 'lasting impact' on a student's personal life, in addition to his 'educational and employment opportunities,' especially when the disciplinary action involves a long-term suspension." [*Doe v. Miami Univ.*, 882 F.3d 579, 600 (6th Cir. 2018)] (citation omitted). Under the Policy, for example, students accused of sexual misconduct face grave consequences, including a suspension of up to two years or—as in Doe's case—permanent expulsion.

*Usciences,* slip. op. at 15.

While the *USciences* plaintiff challenged the school's procedures in a breach of contract context, the same logic applies in this Title IX erroneous outcome case. Indeed, the *Baum* and *Miami Univ.* cases cited by the *USciences* court are due process and Title IX cases. This court of appeals opinion weighs heavily against conveying on Defendant Virginia Polytechnic Institute and State University the broad discretion that it seeks in its Motion for a Protective Order.

                                                    JOHN DOE
                                                    *By Counsel*

Dated: May 26, 2020

                                                  HARVEY & BINNALL, PLLC

                                                  /s/ Jesse R. Binnall
                                                  Jesse R. Binnall, VSB No. 79292
                                                  717 King Street, Suite 300
                                                  Alexandria, VA 22314
                                                  Tel: (703) 888-1943
                                                  Fax: (703) 888-1930
                                                  jbinnall@harveybinnall.com

                                                  NESENOFF & MILTENBERG LLP

                Andrew T. Miltenberg
                Tara J. Davis
                363 Seventh Avenue, 5th Floor
                New York, NY 10001-3904
                Telephone: (212) 736-4500
                Facsimile: (212) 736-2260
                Email: amiltenberg@nmllplaw.com
                tdavis@nmllplaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, a true and genuine copy of the foregoing was served via electronic mail by the Court's CM/ECF system to all counsel of record.

Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall, VSB# 79272
HARVEY & BINNALL, PLLC
717 King Street, Suite 300
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jbinnall@harveybinnall.com